Turner, J.
 

 The petitioner contends: (1) That his discharge by the Court of Appeals of Franklin county upon the writ of
 
 habeas corpus
 
 operated in law as a bar to his prosecution on the indictment found by the grand jury at the April term 1934 of the Court of Common Pleas of Hardin county; (2) that he was not given a speedy trial (as required by the provisions of Section 13447-1, General Code, and Section 10, Article I of the Constitution of Ohio), and thereby he is .entitled to be discharged.
 

 Petitioner argues that the. Franklin county Court of Appeals held that the Hardin county Court of Common Pleas 1-ost jurisdiction entirely, and in support of his petition cites the case of
 
 Johnson
 
 v.
 
 Zerbst, Warden,
 
 304 U. S., 458, 82 L. Ed., 1461, 58 S. Ct., 1019, which arose under the Sixth Amendment to the Constitution of the United States. While such amendment applies only to federal courts, yet a decision of the Supreme Court involving an amendment is always helpful in deciding similar questions arising under the'state Constitution and statutes. However, an examination of the
 
 *261
 
 foregoing case will disclose that the court did not pass upon the question (which was not before it) of whether there was any jurisdiction left in the federal District Court to proceed in a constitutional manner. In that case it was held (page 468):
 

 “If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court’s jurisdiction at the beginning of trial may be lost ‘in the course of the proceedings’ due to failure to complete the court — as the Sixth Amendment requires — by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. * * *
 

 “ [page 469] In this state of the record we deem it necessary to remand the cause. If — on remand — the District Court finds from all of the evidence that petitioner has sustained the burden of proof resting upon him and that he did not competently and intelligently waive his right to counsel, it will follow that the trial court did not have jurisdiction
 
 to proceed to judgment and conviction of petitioner,
 
 and he will therefore be entitled to have his petition granted. If petitioner fails to sustain this burden, he is not entitled to the writ.” (Italics ours.)
 

 We have examined the case of
 
 Bowen
 
 v.
 
 Johnston,
 
 Warden, 306 U. S., 19, 83 L. Ed., 455, 59 S. Ct., 442, as well as other authorities cited by petitioner but do not find it necessary to discuss such authorities here.
 

 The amended petition upon which the Court of Appeals of Franklin county heard the former cause alleged that petitioner was unlawfully imprisoned by the warden of the Ohio penitentiary and prayed that he might be discharged from such illegal imprisonment.
 
 *262
 
 The return of the warden had attached thereto as exhibits copies of (1) the indictment, (2) the journal entry of order of sentence of the court, and (3) certificate of sentence.
 

 These exhibits disclosed that the Court of Common Pleas did not have jurisdiction to proceed to sentence in the manner followed, by reason of the provision of Section' 13442-5 of the General Code, reading: ‘£ * * * that if the accused plead guilty of murder in the first degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly. * * *
 

 The Court of Appeals’ judgment simply found that petitioner was
 
 at that time
 
 unlawfully held by the warden of the Ohio penitentiary, but that judgment did not decide and is not
 
 res judicata
 
 of whether the Court of Common Pleas of Hardin county has jurisdiction
 
 properly
 
 to pronounce sentence upon petitioner. We cannot agree with petitioner in his claim that the Franklin county Court of Appeals held that the ■Hardin county Court,of Common Pleas has
 
 lost
 
 jurisdiction of petitioner.
 

 That court held that a single judge of the Hardin county Common Pleas Court did not have jurisdiction to pronounce sentence. It did not hold that a three judge court might not pass sentence under the plea of guilty to the indictment. Neither did such court hold that the trial court had lost jurisdiction of the petitioner under the indictment.
 

 In 39 Corpus Juris Secundum, 696, Section 104, it is said:
 

 “However, an order of discharge is not a grant of freedom for every purpose and against every claim. The principle of
 
 res judicata
 
 does not apply so as to render unlawful a subsequent arrest and imprisonment under proceedings which are legal and sufficient and
 
 *263
 
 which remove the illegalities, or supply the defects, for which the discharge in the
 
 habeas corpus
 
 proceedings was granted, and a discharge on the ground that detention without process or under defective process was unlawful is no bar to a subsequent detention under proper process.”
 

 As stated in 25 American Jurisprudence, 252, Section 157:
 

 “It is the well-established general rule, however, that discharge upon
 
 habeas corpus
 
 operates as a bar and estoppel only as to the particular proceeding or process under review and is
 
 res judicata
 
 only upon the same question presented under the same state of facts. The principle of
 
 res judicata
 
 does not apply in cases of
 
 habeas corpus,
 
 to a judgment discharging the prisoner, where a new state of facts warranting his restraint is shown to exist, different from that which existed at the time the first judgment was rendered; and a discharge from custody in
 
 habeas corpus
 
 proceedings cannot, upon any sound principle, be considered as an acquittal from the charge so as to bar subsequent prosecution for the same offense, under process from which the illegalities or defects, on account of which a prior order of discharge was granted, have been removed, unless the inquiry on the petition for the writ involves a full investigation into the merits of the case and the guilt or innocence of the accused.” See, also,
 
 Morse
 
 v.
 
 United States,
 
 267 U. S., 80, 69 L. Ed., 522, 45 S. Ct., 209.
 

 In 20 Ohio Jurisprudence, 506, Section 98, it is said:
 

 “Where it appears from the record that the conviction was lawful but the sentence illegal, the court upon awarding a writ of
 
 habeas corpus
 
 and ordering a discharge of the accused may delay the taking effect of the order until such time as the court sentencing the accused can be notified and have opportunity to resen
 
 *264
 
 tenee such person on the conviction.” See, also,
 
 In re Horner,
 
 19 Wash. (2d), 51, 141 P. (2d), 151.
 

 Coining now to petitioner’s second contention: The record shows that on April 1, 1944, the petitioner filed a motion in the Common Pleas Court of Hardin county for his discharge for failure of the state to cause him to be tried on the aforesaid indictment within the time limited by Section 13447-1, G-eneral Code, which.provides that a person shall not be detained in jail without trial for a continuous period of more than two terms after his arrest and commitment thereon, or, if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. This motion was overruled by the Court of Common Pleas and the case assigned for trial on May 15, 1944.
 

 On May 9,1944, petitioner filed the instant action for
 
 habeas corpus
 
 in the Court of Appeals for Hardin county.
 
 Habeas corpus
 
 is not a proper remedy to test the validity of such ruling, petitioner’s only remedy being by way of appeal.
 

 In the case of
 
 Ex Parte McGehan,
 
 22 Ohio St., 442, it was held, as stated in paragraph two of the syllabus:
 

 “Where the court erroneously refuses to grant such order of discharge, [for lack of speedy trial] and instead thereof remands the prisoner to jail, and continues the cause, the order remanding the prisoner to jail, so long as it remains unreversed, is a valid and .legal authority to the sheriff for retaining fhe prisoner in custody, and the order cannot be reviewed and reversed, or the prisoner discharged, by a proceeding in
 
 habeas corpus
 
 before another tribunal.”
 

 We approve the foregoing paragraph of the syllabus. Likewise, the question of whether petitioner’s rights under Section 10 of Article I of the Constitution of Ohio were invaded by the trial court can be reviewed
 
 *265
 
 only upon appeal, it being clear that tbe trial court does have jurisdiction of the ease.
 

 As the indictment found by the grand jury at the April term 1934 of the Common Pleas Court of Hardin county is still in full force and effect, and the plea o.f guilty thereto still stands, the sheriff of Hardin county has lawful custody of petitioner.
 

 Therefore, the judgment of the Court of Appeals of Hardin county, Ohio, in the instant case should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.