Per Curiam.

The question presented is whether the Court of Appeals had the power to order the release of the petitioner from unlawful custody of the respondent warden and at the same time order the warden to transfer custody of the petitioner to the sheriff for return to the sentencing court for further proceedings.
*64 The’conviction on the plea of guilty was lawful but the sentence was void for failure of the trial court, to comply, with the above-quoted provision of Section 13451-20, General Code. The petitioner was entitled to be discharged from his confinement under the unlawful commitment but not to absolute freedom. He was still in the custody of the court. The Court of Appeals had authority to delay the execution of its order of discharge until the trial court had an opportunity to resentence the petitioner, which delay cóúld have been accomplished by ordering his retention in the penitentiary. In re Knight, 144 Ohio St., 257, 58 N. E. (2d), 671.
Precisely the-same effect has been-accomplished by ordering petitioner to be delivered to the custody-of the sheriff to be returned to the trial court for further’ proceedings.
The judgment of -the Court of Appéáls is affirmed.

Judgment affirmed.

Weygandt, C. J., -Middleton, . Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.