MOTT, APPELLANT, *v.* SHERIFF OF HAMILTON COUNTY, APPELLEE.

(No. C-870433 — Decided
May 18, 1988.)

*Peter Rosenwald,* for appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Leonard Kirschner,* for appellee.

*Per Curiam.* Petitioner-appellant, Charles Mott, appeals from the dismissal of his *pro se* petition for a writ of habeas corpus, claiming in his assignment of error that the trial court's judgment was erroneous. We affirm.

Petitioner was indicted and arraigned twice in 1983, one indictment being for aggravated robbery and robbery and the other for rape and kidnapping. He failed to appear on the separate trial dates fixed for those offenses, his bonds were forfeited, and capiases were issued for his arrest.

Two years later, petitioner was incarcerated in the Kentucky State Reformatory, and he remains in that custody. On August 20, 1985, the Sheriff of Hamilton County, Ohio, sent to the reformatory a "detainer" on petitioner, which remains in effect. Thereafter, on June 3, 1987, petitioner filed in the Court of Common Pleas of Hamilton County, Ohio, a motion to dismiss the Ohio indictments, which motion was later overruled. Petitioner's main complaint was that Ohio had been dilatory in disposing of the Ohio charges against him, denying him a speedy trial and violating his constitutional rights to due process. He has never instituted any action under R.C. 2963.30 *et seq.,* enacting the Interstate Agreement on Detainers.

The instant action was commenced when the petitioner asked the Court of Common Pleas of Hamilton County *pro se* for a writ of habeas corpus and for a dismissal of the Ohio indictments[1] pending against him. Grounding its action solely on the allegations in the petition and in the return of writ filed by the sheriff, the common pleas court dismissed the petition.

The dismissal of the petition was proper for three reasons. In brief, the petitioner has selected the wrong process by which to advance his claims.

First, the jurisdiction granted by the General Assembly to the courts of common pleas (under Section 4[B], Article IV, Ohio Constitution and R.C. 2725.02) for the granting of writs of habeas corpus when a person is in custody as an inmate of a state penal institution, the location of which is fixed by statute, is limited to the courts and judges of the county in which such institution is located. R.C. 2725.03. The Hamilton County Court of Common Pleas has no jurisdiction over petitioner's "corpus" because he is held by the Kentucky authorities. Ohio cannot release a prisoner from confinement by a sister state, the Commonwealth of Kentucky, even if we assume *arguendo* that the Kentucky confinement is illegal. But the Kentucky confinement is presumably legal. A writ of habeas corpus will issue only to release a prisoner from his present confinement. *McConnaughy* v. *Doe* (1963), 174 Ohio St. 533, 534, 23 O.O. 2d 178, 179, 190 N.E. 2d 576, 577. The detainer issued by the Hamilton County Sheriff does not, in this case, constitute that type of con-

---

[1] While the petition refers to only one indictment (without specifying which one), it is clear from the record that there are two indictments against petitioner. For purposes of this appeal, we consider his petition to be founded on the existence of both indictments.

structive control over, or possession of, the petitioner from which he could be immediately released by a writ of habeas corpus.

The second reason the trial court did not err is that the writ of habeas corpus will be issued to release a confined person only when he is restrained under an order of a court (or magistrate) that was without jurisdiction to issue the order. R.C. 2725.05. It is clear that the Hamilton County Court of Common Pleas had jurisdiction to issue the capiases for petitioner's arrest.

The third reason that the dismissal below was proper is axiomatic: it is that the petitioner has an adequate remedy at law. See, *e.g., Mason* v. *Eckle* (1960), 171 Ohio St. 192, 12 O.O. 2d 300, 168 N.E. 2d 409. Rights to a speedy trial of the nature presented by petitioner can be asserted only on appeal. See *In re Knight* (1944), 144 Ohio St. 257, 264, 29 O.O. 407, 410, 58 N.E. 2d 671, 674. Petitioner's remedy lies in the Interstate Agreement on Detainers, which provides the procedures to be used when a prisoner in one state has pending against him any untried indictment issued by another state on the basis of which a detainer has been lodged against him. The record is devoid of any indication that petitioner sought to utilize those procedures.

Petitioner's prayer for dismissal of the indictments obviously fails. A writ of habeas corpus may release a prisoner who is restrained under an order issued without jurisdiction, but it cannot be the process for the dismissal of an indictment.

The assignment of error has no merit. The judgment below is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and KLUSMEIER, JJ., concur.