DECISION AND JUDGMENT ENTRY
Harland Hanshaw appeals from a judgment of the Scioto County Court of Common Pleas dismissing his writ of habeas corpus for lack of jurisdiction.
In September 1994, appellant pled guilty to a three-count felony indictment handed down by the Scioto County grand jury and was sentenced to prison. Appellant was serving a 10-year sentence at the Kentucky State Penitentiary in Eddyville, Kentucky at the time of his conviction and sentencing in Ohio. The Scioto County Court of Common Pleas ordered appellant's sentences to be served consecutive to his sentence in Kentucky.
Appellant filed his petition for writ of habeas corpus in the Scioto County Court of Common Pleas. Appellant is currently incarcerated in Eddyville, Kentucky, serving his 10-year sentence. The Scioto County Court dismissed appellant's petition for lack of jurisdiction. Appellant filed a timely notice of appeal that raises a single assignment of error for our review:
 I. "THE SCIOTO COUNTY COURT OF COMMON PLEAS ERRORED (sic) BY IT'S DECISION THAT IT DID NOT HAVE JURISDICTION TO ENTERTAIN APPELLANTS (sic) HABEAS CORPUS PETITION."
We affirm the trial court's finding that it was without jurisdiction to determine the appellant's writ of habeas corpus. Habeas corpus is an extraordinary remedy directed to a person detaining another and commanding him to produce the body of the prisoner, or the person detained. The purpose of habeas corpus is not to determine whether a person is guilty of an offense, but rather the legality of the restraint under which a person is held. In re Lockhart (1952), 157 Ohio St. 192. Habeas corpus is only available "where petitioner would be entitled to immediate release if it is found his claim is well taken." Geroski v.Haskins (1964), 176 Ohio St. 393. Habeas corpus does not lie when there has been no restraint. Berry v. Greene (1999), 87 Ohio St.3d 1235, 1237
(Lundberg Stratton, J., concurring). Habeas corpus is also not available if a petitioner is subject to detention because of other convictions.Haskins, supra.
In this case, appellant is currently incarcerated in Kentucky under sentence of that state. He is not being restrained under the authority of his Ohio conviction. His Ohio sentences do not commence until 2002, after completion of his Kentucky sentence. Accordingly, he is not being restrained for purposes of habeas corpus under the authority of his Ohio conviction or by Ohio authorities. An Ohio court can only release a prisoner from his present confinement, and cannot release a prisoner from confinement in another state. Mott v. Sheriff of Hamilton County (1988),48 Ohio App.3d 84. See, also, R.C. 2725.03 and Overbee v. State of Ohio
(Dec. 4, 1995), Clermont App. No. CA95-07-046, unreported, for the proposition that Ohio courts only have jurisdiction over inmates confined in institutions that are located within the court's territorial boundaries. Therefore, we find that habeas corpus is not currently available to appellant concerning his Ohio convictions.
Accordingly, we affirm the judgment of the Scioto County Court of Common Pleas dismissing appellant's petition for writ of habeas corpus.
JUDGMENT AFFIRMED JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge