JOURNAL ENTRY AND OPINION No. 88732.
{¶ 1} John W. Perotti has filed a "petition for writ of habeas corpus/coram nobus (sic) or, in the alternative audita querela," through which he "moves this court to rule that the original indictment for aggravated robbery was unconstitutionally vague [and] thus the trial court was without jurisdiction to hear the case, or that the verdict was without constitutional safeguards thus invalid, and that the detainer placed on Perotti is without teeth and violateds (sic) his due process safeguards meriting dismissal." The Ohio Adult Parole Authority has filed two motions to dismiss, which we grant for the following reasons.
 {¶ 2} Initially, we find that Perotti has failed to state a claim upon which relief can be granted through his request for a writ of coram nobis, or in the alternative, audita querela. State ex rel. Peeples v.Anderson (1995), 73 O.S.3d 559, 1995-Ohio-335, 653 N.E.2d 371. The common law writ of coram nobis is no longer a part of the criminal law of the state of Ohio. State v. Hayslip (1914), 90 Ohio St. 199,107 N.E. 335; State v. Johnson (May 11, 1984), Cuyahoga App. No. 55354. Post-conviction remedies must be employed by Perotti in an attempt to challenge the prior conviction as rendered in State v. Perotti, Cuyahoga Common Pleas Case No. CR-171706. R.C. 2953.21; State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. In addition, the common law writ of audita querela is no longer recognized within the state of Ohio and has been replaced by Civ.R. 60(B). King Steel Sales Corp. v. Hanover SteelCorp. (Dec. 19, 1983), Cuyahoga App. No. 46762.
 {¶ 3} Finally, Perotti has failed to establish that he is entitled to a writ of habeas corpus. Perotti is presently incarcerated within the McCreary Penitentiary, Pine Knot Kentucky, an institution operated by the United States of America, as a result of his conviction, for the federal offense of possession of ammunition while being a felon. Since Perotti is not confined in any institution located within Cuyahoga County, this court possesses no jurisdiction to hear his petition for a writ of habeas corpus and further possesses no jurisdiction over the warden of the McCreary Penitentiary. Bridges v. McMackin (1989),44 Ohio St.3d 135, 541 N.E.2d 1035; Mott v. Sheriff of Hamilton County (1988),48 Ohio App.3d 84, 548 N.E.2d 301. It must also be noted that Perotti possesses an adequate remedy at law through either an appeal or post-conviction relief. Mason v. Eckle (1960), 171 Ohio St. 192,168 N.E.2d 409; In re Knight (1944), 144 Ohio St. 257, 58 N.E.2d 671.
 {¶ 4} Accordingly, we grant the motions to dismiss as filed by the Ohio Adult Parole Authority. Costs to Perotti. The Clerk of the Eighth District Court of Appeals is ordered to serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Petition dismissed.
MICHAEL J. CORRIGAN, JUDGE*
FRANK D. CELEBREZZE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR
* (*Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.)