JOURNAL ENTRY AND OPINION
{¶ 1} On November 14, 2006, relator, Tremaine Martin, filed a writ of mandamus against Judge Ann Mannen. Martin seeks to have this court vacate his conviction and sentence in the underlying matter of State v.Martin, Cuyahoga County Court of Common Pleas Case No. CR-468883. Thereafter, on November 20, 2006, this court, sua sponte, added Presiding Judge Nancy R. McDonnell as a party-respondent pursuant to Civ. R. 19(A).[1] On December 4, 2006, Mannen filed a motion to dismiss and on December 6, 2006, respondents Mannen and McDonnell provided notice to this court of Judge Mannen's response to this court's previous ruling of July 26, 2006. For the following reasons, we deny the motion to dismiss and deny Martin's request for a writ of mandamus.
 {¶ 2} In his petition, Martin claims that his conviction and sentence should be vacated because the lower court failed to pronounce the verdict within forty-eight hours as required by R.C. 2938.11(F). Martin further argues that he has no adequate remedy at law since Judge Mannen failed to issue findings of fact and conclusions of law pertaining to the motion for post-conviction relief that he filed in the underlying matter.
 {¶ 3} In order for this court to issue a writ of mandamus, Martin must establish that he has a clear legal right to the requested relief; that the respondents have a clear legal duty to perform the requested relief; and there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State exrel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 4} In this matter, Martin failed to establish that he has a clear legal right to the requested relief since the language in R.C. 2938.11(F) is considered directory, not mandatory. City of Cleveland v.Criss (Dec. 10, 1998), Cuyahoga App. No. 72862. Additionally, since Judge Mannen issued findings of fact and conclusions of law, Martin now possesses an adequate remedy at law thru an appeal. Mason v. Eckle
(1960), 171 Ohio St. 192, 168 N.E.2d 409; In re Knight (1944),144 Ohio St. 257, 58 N.E.2d 671.
 {¶ 5} Accordingly, we deny Martin's request for a writ of mandamus. Costs to respondents. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Writ denied.
SEAN C. GALLAGHER, PRESIDING JUDGE, KENNETH A. ROCCO, J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] On July 26, 2006, this court granted Martin a writ of procedendo against Judge Mannen and ordered her to immediately issue a ruling pursuant to R.C. 2953.21 (E) and (G), with regard to the petition for post-conviction relief in State v. Martin, supra. However, our review of the lower court docket revealed that Judge Mannen failed to comply with this order. Accordingly, this court, sua sponte, added Presiding Judge Nancy R. McDonnell as a party-respondent pursuant to Civ. R. 19(A).