JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Anthony C. Kocak, appeals from the judgment in the Cuyahoga County Court of Common Pleas that dismissed his petition for a writ of mandamus. For the reasons stated herein, the judgment of the trial court is affirmed.
 {¶ 2} Appellant filed a petition for a writ of mandamus on December 8, 2005, naming the city of Solon ("Solon") and various Solon officials and employees as respondents to the action.[1] In the petition, appellant alleged that he went to Solon in 1994 "in order to request an application to solicit my wares within the confines of the city of Solon, Ohio in order to exercise my * * * right to work." Appellant further alleges he was told that Solon had adopted a "no soliciting ordinance" and he was turned away. The relief appellant requested in the mandamus action, however, was unrelated to these allegations. Instead, his prayer for relief requested that Solon, through its treasurer, release to appellant all bonds "underwriting this action * * * in an amount of $521,750 per bondholder * * *." The request for these bonds was related to appellant's allegation that Solon failed to use proper oaths of office for its public officials and employees and failed to require these officials and employees to post official bonds.
 {¶ 3} Solon filed a motion to dismiss arguing that (1) appellant, a resident of Grafton, Ohio, did not have standing to bring the action; (2) appellant failed to show a clear legal right to the relief requested; (3) appellant failed to establish a clear legal duty on the part of Solon; and (4) insofar as appellant appeared to be asserting an action pursuant to R.C. 2307.06 on an official bond, he had another adequate remedy at law. In its motion, Solon indicated that it had enacted and adopted a charter pursuant to its home rule authority. Pursuant to Article IV, Section 9 of the Solon Charter, Solon had no duty to require that officers, employees or members of boards of commission furnish bonds, as the Solon Charter does not mandate this and specifies that such bonds "may" be required. Further, the oaths of office that were attached to the complaint showed that they met the requirements of R.C. 3.22. With respect to appellant's assertion about his 1994 request for an application to solicit his wares within Solon in order to exercise his right to work, Solon argued that any cause of action related thereto was barred by the statute of limitations.
 {¶ 4} The trial court granted the motion to dismiss, finding that appellant had failed to state a claim upon which relief could be granted because appellant lacked standing to bring the mandamus action, appellant failed to show Solon had a clear legal duty to require its public officials and employees to furnish bonds, and other adequate remedies of law exist. Appellant brought this appeal, raising six assignments of error challenging the trial court's decision to dismiss the action.[2]
 {¶ 5} Under his assignments of error, appellant challenges the trial court's finding that he lacked standing to bring the action, argues that the trial court failed to address all of the issues, asserts that Solon's solicitation ordinance is unconstitutional, claims that his rights were violated and that the court failed to address the damages he sustained as a result of alleged constitutional and statutory violations, raises a home rule challenge, and complains that the trial court did not specify his other written remedies at law. We find no merit to appellant's arguments.
 {¶ 6} In order to issue a writ of mandamus, a court must find that (1) the relator has a clear legal right to the relief prayed for; (2) the respondent has a clear legal duty to perform the requested act; and (3) the relator has no plain and adequate remedy at law. State ex rel.Seikbert v. Wilkinson, 69 Ohio St.3d 489, 490, 1994-Ohio-39. Moreover, "mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear." State ex rel. Martin, Cuyahoga App. No. 89007, 2006-Ohio-6757.
 {¶ 7} It is well settled that a person must be beneficially interested in the case in order to bring a mandamus action. State ex rel. Spencerv. East Liverpool Planning Comm'n, 80 Ohio St.3d 297, 299, 1997-Ohio-77. The Ohio Supreme Court has held as follows: "Mandamus will lie to permit a private individual to compel a public officer to perform an official act, where such officer is under clear legal duty to do so, and where the relator has an interest, such as that of a taxpayer, or he is being denied a private right or benefit by reason of such public officer's failure to take action to perform that act which he is under a clear legal duty to perform." State ex rel. Pressley v. Industrial Comm'n
(1967), 11 Ohio St.2d 141, paragraph nine of the syllabus.
 {¶ 8} In this case, appellant is challenging the form and content of the oaths of office for Solon's elected and appointed officials and the failure of Solon to require officials and employees to post official bonds. Appellant is neither a taxpayer nor a resident of Solon and has failed to otherwise establish a beneficial interest with respect to the oaths of office and official bonds for Solon officials. We find the trial court did not err in ruling on this issue and in finding appellant had no clear legal right to relief.
 {¶ 9} Notwithstanding appellant's lack of standing, we also agree with the trial court's determination that appellant failed to establish a clear legal duty in this matter. The oaths of office attached to appellant's complaint reflect that they meet the requirements of R.C. Chapter 3. The oaths are signed and unambiguously state that the official "will support the constitution and laws of the United States, the constitution and laws of the State of Ohio, and the charter and ordinances of the city of Solon" and that the official "will faithfully, honestly and impartially discharge my duties as a council representative of the city of Solon." See R.C. 3.20 through 3.23.
 {¶ 10} Also, insofar as appellant claims Solon's employees and officials failed to post official bonds, R.C. 3.30 applies only to "a person elected or appointed to an office who is required by law to give a bond or security previous to the performance of the duties imposed on him by his office * * *." (Emphasis added.) Appellant failed to show that the respondents in this matter were "required by law" to give a bond. Solon, pursuant to its home rule and local self-government authority, adopted a charter that states that officers, employees or members of any board of commission of the city "may be required by the Council from time to time, to furnish a bond or bonds for the faithful performance of his or her duties." (Emphasis added.) Accordingly, there is no mandatory bond requirement. We do not find that any of the other sections cited by appellant change this result. Further, we find no conflict between the state laws and Solon's charter provision regarding the furnishing of bonds and find Solon's provision is in conformance with its home rule authority. Thus, appellant failed to establish a clear legal duty on the part of Solon.
 {¶ 11} Next, appellant raises an argument challenging Solon Ordinance 846.02 regarding the prohibition of canvassing, solicitation, and/or peddling in Solon. Not only did appellant fail to set forth a claim challenging this ordinance in his petition, but also, such a challenge is not proper in a mandamus action, as it seeks a declaratory judgment regarding the constitutionality of the ordinance. We have previously held that where "the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment, the complaint does not state a cause of action in mandamus and must be dismissed for lack of jurisdiction." State ex rel. Euclid Beach, L.P. v.Vilkas, Cuyahoga App. No. 86221, 2005-Ohio-4581.
 {¶ 12} Appellant also claims the court failed to address the issue of his rights being violated through the solicitation ordinance. Here again, appellant had an adequate remedy in the ordinary course of law as he could have brought a civil action to raise these claims.[3]
"Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." State ex rel. Ullmann v. Hayes,103 Ohio St.3d 405, 2004-Ohio-5469. We find that the trial court correctly determined that "other adequate remedies of law exist."
 {¶ 13} Finally, appellant asserts that the trial court erred by not addressing his request for damages. Because appellant failed to establish any entitlement to the requested relief, we find the trial court did not err in this regard.
 {¶ 14} We find no merit to the issues raised by appellant and overrule his assignments of error. We conclude the trial court properly granted Solon's motion to dismiss.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P. J., and MELODY J. STEWART, J., CONCUR
[1] The other named respondents included Kevin C. Patton, Sally Deitrick, Jack Clifford, Dianne Garrett, Susan A. Drucker, Robert N. Pelunis, John T. Scott, Edward K Suit, David J. Krus Lon Stolarsky, Edward H. Kraus, Roger J. Goudy, D. William Weber, Fred J. Wendel, Chief Wayne Godzich, Christopher Viland, Bruce Felton, Jim Abramowski, Carol Haddon, Jan Kozelka, Michelle Moretto, Phil Foley, Kim Perry, and "any other elected or appointed officials not listed * * *."
[2] Because the assignments of error are lengthy and not concisely worded, we decline to reprint them in this opinion or address them separately. Rather, as they all challenge the dismissal of the mandamus action, we address whether the dismissal was proper and any pertinent issues raised with respect to the dismissal.
[3] We recognize that these claims may now be barred by applicable statutes of limitations. Nevertheless, "where there is a plain and adequate remedy in the ordinary course of law of which the relator either resorted to and lost or neglected to take timely advantage of, a [peremptory] writ of mandamus will not issue." State v. Dover (Sep. 12, 1991), Tuscarawas App. No. 91AP030012, citing 67 O.Jur.3d, 257, "Mandamus Procedendo and Prohibition," subsection 38.