JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, John W. Perotti, appeals the decision of the Cuyahoga County Court of Common Pleas filed on March 28, 2007, that denied his petition for post-conviction relief. For the reasons stated herein, we affirm.
 {¶ 2} On March 31, 1982, Perotti entered a guilty plea to aggravated robbery, and the remaining counts of his indictment were nolled. Perotti was sentenced to a prison term of five to twenty-five years.
 {¶ 3} In 1983 and 1984, Perotti filed petitions for post-conviction relief, which were denied by the trial court. He then tried to appeal his conviction and sentence directly in State v. Perotti (May 4, 1994), Cuyahoga App. No. 67160, but this court denied his motion for leave to file a delayed appeal.
 {¶ 4} In 1996, Perotti filed another petition for post-conviction relief, which was denied by the trial court. This ruling was affirmed by this court in State v. Perotti (Dec. 10, 1998), Cuyahoga App. No. 73743. In 2005, Perotti applied to reopen this court's judgment. He argued that his trial and appellate counsel were ineffective for failing to inform him, in 1982, that his guilty plea conviction for aggravated robbery could be used to enhance his sentence in a federal criminal case in 2004, under the Armed Career Criminal Act. This court denied his application in State v. Perotti, Cuyahoga App. No. 73743,2005-Ohio-2175.[1] On December 5, 2006, this court dismissed a petition for habeas corpus that was filed by Perotti. Perotti v.Stine, *Page 4 
Cuyahoga App. No. 88732, 2006-Ohio-6464, affirmed 113 Ohio St.3d 312,2007-Ohio-1957.
 {¶ 5} On March 5, 2007, Perotti filed yet another petition for post-conviction relief. The trial court denied the petition on March 28, 2007. Perotti now appeals this ruling and raises two assignments of error for our review that provide the following:
 {¶ 6} "1. The trial court committed error by not issuing a complete finding of fact and conclusion of law setting forth the reason post-conviction relief was denied."
 {¶ 7} "2. If post-conviction relief cannot be had, and habeas corpus relief is not available, what is the proper remedy to appeal?"
 {¶ 8} In his petition, Perotti argued that his trial counsel and appellate counsel were ineffective for failing to inform him, in 1982, that his 1982 conviction for aggravated robbery could be used to enhance his sentence in a federal criminal case in 2004. Perotti claimed that he could not previously raise the issue because he had not been so informed by counsel and the sentence was not used for enhancement purposes until his federal conviction arose. In response, the state sought an order dismissing the petition as untimely. The trial court ruled that "motion of defendant for post-conviction relief is denied."
 {¶ 9} Under his first assignment of error, Perotti claims the trial court should *Page 5 
have made findings of fact and conclusions of law. The Supreme Court of Ohio has repeatedly recognized that "`a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [post-conviction relief] petition.'" State ex rel. James v. Coyne,114 Ohio St.3d 45, 46, 2007-Ohio-2716, quoting State ex rel. Kimbrough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042. In this case, Perotti's petition was untimely filed, and Perotti failed to satisfy either exception for the consideration of an untimely petition. See R.C.2953.21(A)(2); R.C. 2953.23(A)(1)(a) and (b). Although Perotti claims that he was unaware that his aggravated robbery conviction could be used for enhancement purposes until his federal conviction arose, Ohio courts have rejected similar arguments and found that "[appellant's justification for his tardiness falls short of the standard for entertaining an untimely petition set forth in the statute." SeeState v. Goist, Trumbull App. No. 2002-T-0136, 2003-Ohio-3549; State v.Bullard (Apr. 8, 1988), Summit App. No. 18312. Indeed, it was foreseeable that Perotti's conviction would subject him, upon commission of another subsequent felony, to sentence enhancement provisions. SeeState v. Beatty (Dec. 14, 2000), Cuyahoga App. No. 75926.
 {¶ 10} Therefore, we agree with the trial court's decision to deny Perotti's petition for post-conviction relief. Finally, we decline to address Perotti's second assignment of error, under which he asks this court for legal advice as to the proper remedy to appeal.
 {¶ 11} Perotti's assigned errors are overruled. *Page 6 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR
[1] The Sixth Circuit Court of Appeals affirmed Perotti's conviction and sentence in the federal case in U.S. v. Perotti (C.A. 6, 2007), 226 Fed. Appx. 516. *Page 1