[Cite as *Patterson v. Bracy*, 2019-Ohio-747.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BRANDON C. PATTERSON, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2016-T-0067** |
| CHARMAINE BRACY, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition granted.

*Brandon C. Patterson,* pro se, PID: A564-655, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430-0901 (Petitioner).

*Maura O'Neill Jaite,* Senior Assistant Attorney General, 150 E. Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} This is an original action for a writ of habeas corpus. Petitioner, Brandon C. Patterson, seeks release from the Trumbull Correctional Institution. Upon review of the pleadings, including the petition, and Warden Charmaine Bracy's motion to dismiss and/or for summary judgment, the judgments of the Stark County Court of Common Pleas and the opinions of the Fifth District Court of Appeals, there are no material issues of fact. Petitioner is entitled to the writ.

{¶2} In May 2009, after a jury trial, petitioner was found guilty in the Stark

County Court of Common Pleas of count one, attempted felony murder with a firearm specification; counts two and three, felonious assault with accompanying firearm specifications; and count four, having a weapon while under a disability. Counts one and two involve the same victim and count three another. For sentencing purposes, the trial court merged count two, felonious assault, and its firearm specification with count one and its firearm specification. The court then imposed consecutive terms of ten years on count one, attempted felony murder with a three-year firearm specification; three years on count three, felonious assault with a three-year firearm specification; and one year on count four, weapons under disability, for an aggregate term of 20 years.

{¶3} Petitioner filed a direct appeal with the Fifth Appellate District, which affirmed his convictions. *State v. Patterson*, 5th Dist. Stark No. 2009CA00142, 2010-Ohio-2988 *(Patterson I)*. On direct appeal, petitioner did not challenge his conviction for attempted felony murder.

{¶4} After serving several years of his sentence, petitioner moved the trial court to correct his sentence claiming the sentencing entry does not indicate the order in which the sentences are to be served and does not impose a sanction for each offense. That motion was denied and petitioner appealed for a second time to the Fifth District. In *State v. Patterson*, 5th Dist. Stark No. 2014CA00220, 2015-Ohio-1714 *(Patterson II)*, the appellate court affirmed the denial of the motion to correct but remanded the matter, finding that he was "entitled to a new sentencing hearing, limited to proper imposition of post-release control * * *." *Id.* at ¶20, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus.

{¶5} Upon remand, in addition to imposing a mandatory five-year term of post-

2

release control, the trial court re-sentenced him to the same aggregate term of 20 years. However, instead of merging count two with count one the court merged count two with count three, felonious assault. At the re-sentencing hearing, petitioner asserted for the first time that his conviction on count one, attempted *felony* murder under R.C. 2903.02(B), is void because Ohio does not recognize that as a crime. The trial court rejected this argument.

{¶6} Petitioner appealed to the Fifth District a third time, arguing that his conviction for attempted felony murder is void. In *State v. Patterson*, 5th Dist. Stark No. 2015CA00125, 2015-Ohio-4325 *(Patterson III)*, the appellate court did not address the merits of petitioner's void conviction argument, but instead found the issue barred under res judicata because it could have been raised on direct appeal. *Id.* at ¶16.

{¶7} Petitioner appealed *Patterson III* to the Supreme Court of Ohio, which declined jurisdiction. *State v.* Patterson, 144 Ohio St.3d 1462, 2016-Ohio-172, 44 N.E.3d 289.

{¶8} Petitioner subsequently filed this habeas corpus action, alleging he is entitled to release as his current incarceration is improper due to his void conviction.

{¶9} Respondent moved to dismiss and/or for summary judgment on petitioner's sole claim. In addition to raising two procedural issues, respondent asserts that petitioner cannot prevail because res judicata precludes consideration of the merits.

{¶10} Citing *Patterson III*, respondent asserts that petitioner's argument has been duly considered by both the trial court and the Fifth Appellate District, and that the latter court held the right to contest the validity of the attempted felony murder conviction is barred because it was not raised on direct appeal. *Id.* at ¶16.

3

{¶11} In a prior judgment, this court rejected respondent's procedural arguments and set forth a preliminary analysis on the void conviction issue and the Fifth District's res judicata holding. We ordered the parties to submit supplemental briefing on two issues: (1) does this court have the authority to disregard the Fifth District's res judicata ruling; and (2) does this court have the authority to remand to the trial court for re-sentencing?

{¶12} Respondent's supplemental brief does not directly address the questions posed. It does, however, note that during the pendency of this action, the trial court issued what it deems a nunc pro tunc sentencing judgment. As part of this judgment, the trial court, after twice merging count two felonious assault, imposed a three-year term, but again merged the accompanying firearm specification with the firearm specification in count one. All other aspects of petitioner's sentence remain the same.

{¶13} Respondent does not contest that petitioner was convicted of attempted felony murder under R.C. 2903.02(B). Attempted felony murder is not a crime under Ohio law. *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 10016, ¶10. Thus, his conviction for attempted felony murder is not merely voidable but is instead void. *State v. Bozek*, 11th Dist. Portage No. 2015-P-0018, 2016-Ohio-1305, ¶21.

{¶14} The Ohio Supreme Court has had multiple opportunities to address void criminal judgments, many in the context of the failure to impose post-release control. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus, the court states:

4

{¶15} "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."

{¶16} Since a void judgment is a nullity, it is open to collateral attack at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶46. Moreover, such attacks cannot be defeated by res judicata. *Id. See, also, State v. Wilson*, 73 Ohio St.3d 40, 45, fn. 6, 652 N.E.2d 196 (1995), (holding that res judicata does not bar a criminal defendant from challenging a trial court's subject matter jurisdiction in a petition for postconviction relief).

{¶17} In light of this, the Fifth Appellate District's decision in *Patterson III* that applies res judicata and does not address the merits of petitioner's void conviction argument is erroneous. That petitioner could have contested the validity of his attempted felony murder conviction on direct appeal did not bar him from asserting it during his re-sentencing hearing before the trial court or his appeal from resentencing.

{¶18} Furthermore, the Ohio Supreme Court's decision declining jurisdiction is not a confirmation of the Fifth District's disposition. To the contrary, it simply represents a procedural conclusion that the court did not accept the discretionary appeal. To this extent, the Supreme Court has not addressed the merits of petitioner's argument.

{¶19} The issue becomes whether this court, under our original jurisdiction in a habeas corpus action, has the authority to declare petitioner's conviction void and order re-sentencing, notwithstanding the prior appellate decision. That is, are we bound by the Fifth Appellate District's res judicata decision? Case law governing the application

5

of res judicata in habeas actions supports the conclusion that the Fifth Appellate District's ruling is not binding.

{¶20} "Any court in any jurisdiction certainly has the right to decline to recognize the validity of a void judgment of any other court. But whether a void judgment has come before a court through a proper vehicle and whether a court has the authority to provide the relief requested against the void judgment are different matters." *Lingo*, 2014-Ohio-1052, ¶46. There is no dispute that a habeas corpus proceeding is a proper vehicle for contesting the validity of a void criminal judgment and that a writ can issue to stop the enforcement of such a judgment. *Id.* at ¶47. In other words, the question of whether a criminal judgment is void can be litigated in a habeas corpus action because the legality of the judgment is relevant to whether the inmate is entitled to relief. Article IV, Section 3(B)(1) of the Ohio Constitution grants an Ohio appellate court original jurisdiction over a habeas corpus action.

{¶21} Under Ohio law, habeas corpus proceedings are exempt from res judicata. *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 63, 558 N.E.2d 1178 (1990). This is consistent with federal law and is based upon the proposition that conventional notions of finality should not be followed when an individual's liberty is at stake. *Id.* The Ohio Supreme Court recognizes but one exception, not at issue. Res judicata applies to successive habeas corpus petitions raising an identical issue. *Hudlin v. Alexander*, 63 Ohio St.3d 153, 156, 586 N.E.2d 86 (1992).

{¶22} Regarding the general application of res judicata, the doctrine is not absolute:

6

{¶23} "Res judicata is a rule of fundamental and substantial justice that "'is to be applied in particular situations as fairness and justice require, and * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" We would achieve neither fairness nor justice by permitting a void sentence to stand.

{¶24} "Although res judicata is an important doctrine, it is not so vital that it can override 'society's interest in enforcing the law, and in meting out the punishment the legislature has deemed just.'

{¶25} "Every judge has a duty to impose lawful sentences. 'Confidence in and respect for the criminal-justice system flow from a belief that courts and officers of the court perform their duties pursuant to established law.' The interests that underlie res judicata, although critically important, do not override our duty to sentence defendants as required by the law." (Citations omitted.) *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶25-27.

{¶26} In other contexts, the Fifth Appellate District has noted the basic principle that a void judgment is not precluded from appellate review by the doctrine of res judicata and may be reviewed at any time, on direct appeal or through collateral attack. *See, e.g., State v. McCall*, 5th Dist. Muskingum No. CT2013-0014, 2013-Ohio-2653, ¶18. For whatever reason, the Fifth District did not apply that law in *Patterson III*. Given that attempted felony murder is not a recognized crime in Ohio, and that a serious miscarriage of justice would occur if petitioner is required to serve a prison term for a crime that does not exist, *Patterson III* is not controlling.

.

7

{¶27} "Habeas corpus is directed only to the present confinement of a petitioner, and the granting of relief therein operates only to release him from such confinement, it does not act as an absolute discharge from the legal consequences of a crime. Thus, where a prisoner's present confinement is found illegal because of jurisdictional error in his trial warranting the granting of relief in habeas corpus, the court granting such relief, if there is sufficient justification for the prisoner's retention, may remand him to the custody of proper authorities for further proceedings under the indictment or to cure defects in his sentence. *In re Henry*, 162 Ohio St. 62, 120 N.E.2d 588; *In re Knight*, 144 Ohio St. 257, 58 N.E.2d 671; *Mahler v. Eby, Inspector*, 264 U.S. 32, 44 S.Ct. 238; and 25 *American Jurisprudence*, 249 Habeas Corpus, Section 153 et seq." *Foran v. Maxwell*, 173 Ohio St. 561, 184 N.E. 2d 398 (1962).

{¶28} As petitioner's conviction on count one, attempted felony murder, is void, it is vacated. He has therefore demonstrated that he is entitled to release from confinement but not absolute discharge as sentencing issues remain that cannot be fully addressed in the context of this action regarding sentencing on count two and the accompanying firearm specification. It is clear that count two, felonious assault, and the accompanying firearm specification cannot merge with the void conviction on count one as ordered in the first sentencing entry. However, after first merging count two with count one, and after the Fifth District remanded for what appears to be the limited purpose of imposing post-release control, the trial court, in its second sentencing entry, merged count two with count three. Thus, an issue remains as to which merger order controls. *See State v. Teagarden*, 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563; *State v. Carsey*, 4th Dist. Athens No. 14CA5, 2014-Ohio-3682, ¶11 (a trial court lacks

jurisdiction to exceed the scope of an appellate court's remand and actions beyond the scope are void).

{¶29} The trial court then issued what it deems to be a nunc pro tunc entry sentencing petitioner to three years on count two but not the accompanying firearm specification. An issue remains as to whether this is a proper nunc pro tunc order. *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶15 ("'Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, "nunc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'"'"). *See also Barille v. O'Toole*, 8th Dist. Cuyahoga No. 82063, 2003-Ohio-4343, ¶50; *State v. McIntyre,* 2d Dist. Montgomery No. 25502, 2013-Ohio-3281, ¶5; *State v. Waltz*, 12th Dist. Claremont No. CA2013-10-077, 2014-Ohio-2474, ¶16 (improper nunc pro tunc order is unenforceable as void).

{¶30} There are no factual disputes, and the parties have been afforded an opportunity to brief all issues. Respondent's motion to dismiss and/or for summary judgment is overruled, and judgment is hereby entered in favor of petitioner on his habeas corpus petition. It is the order of this court that a writ of habeas corpus is issued, under which his conviction for attempted felony murder and the accompanying firearm specification are declared void and vacated. Respondent is ordered to remand petitioner, Brandon C. Patterson, to Stark County for a sentencing hearing in Stark County C.P. No. 2009CR0136, and depending on the resolution of the multiple contingencies identified and further raised by the parties, sentencing on count two and the accompanying firearm specification.

THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, concur.