

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# Northrop v. Lindsay

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Northrop v. Lindsay" (2007). *2007 Decisions.* Paper 125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-43                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3301

AARON BEN NORTHROP,

                                                            Appellant

v.

WARDEN C. LINDSAY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-0574)
District Judge:  Honorable Yvette Kane

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2007

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed December 6, 2007)

OPINION

PER CURIAM

        Aaron Ben Northrop appeals from an order of the United States District Court for

the Middle District of Pennsylvania dismissing for lack of jurisdiction his petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we conclude

that Northrop's appeal lacks arguable legal merit, and will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

In 1993, following a guilty plea entered in the United States District Court for the District of Connecticut, Northrop was convicted of conspiracy to possess with intent to distribute marijuana and cocaine, engaging in a continuing criminal enterprise ("CCE"), possessing and making a destructive device, and two counts of use of interstate communication facilities in the commission of murder for hire. In 1996, Northrop filed his first unsuccessful § 2255 motion in the District of Connecticut. His second § 2255 motion was dismissed by the same court in January 1998. In 2000, the court dismissed Northrop's third § 2255 motion for lack of jurisdiction because he failed to obtain permission from the court of appeals to file a second or successive § 2255 motion.

Since then, Northrop has twice moved in the United States Court of Appeals for the Second Circuit for authorization to file a successive § 2255 motion under 28 U.S.C. § 2244(b). He has also filed a petition for writ of habeas corpus in the Central District of California. Each of these requests has been denied or dismissed.

In the current § 2241 petition filed in the Middle District of Pennsylvania, Northrop raises two challenges to his 1993 conviction and sentence. First, he claims that his conviction in the District of Connecticut was obtained by fraud and should be set aside. Specifically, he argues that the overt acts used to prove his CCE offense did not qualify as proper predicate violations and, therefore, that his conviction and sentence on count three was unlawful. Second, he claims that he and the Government entered into a

2

plea agreement modifying his sentence and that his obligations under this "contract" have been discharged and/or waived by the United States. The District Court dismissed Northrop's habeas petition for lack of jurisdiction because he should have asserted these claims in a § 2255 motion filed in the District of Connecticut or by seeking leave of the Second Circuit to bring a successive § 2255. Northrop appeals from that order.

The District Court correctly dismissed Northrop's petition. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is "inadequate or ineffective" only "in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120.

Northrop contends that his remedy under § 2255 is inadequate because at the time that he entered into the plea agreement he had a right to file a second § 2255 motion based on newly discovered facts and upon a showing of cause and prejudice. Specifically, he appears to claim that the Supreme Court's decision in Richardson v. United States, 526 U.S. 813, 815 (1999), and its progeny undermine the basis for his CCE conviction. However, the courts of appeals that have considered the issue have concluded

3

that a <u>Richardson</u> claim does not render § 2255 "inadequate or ineffective." <u>See, e.g.</u>, <u>Kramer v. Olson</u>, 347 F.3d 214, 218 (7th Cir. 2003) (a <u>Richardson</u> claim "is not the sort that will permit passage through the narrow opening of § 2255's savings clause"). Moreover, Northrop admits that he knew of the relevant "evidence" before the District of Connecticut denied his second § 2255 motion on June 14, 2001.

As noted above, Northrop has already filed three § 2255 motions and two applications to the Second Circuit for permission to file another § 2255 motion. The fact that Northrop cannot satisfy the procedural requirements of § 2244 or § 2255 does not render § 2255 an "inadequate or ineffective" remedy. <u>See</u> <u>Cradle</u>, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> at 538. Therefore, the District Court properly dismissed Northrop's petition pursuant to 28 U.S.C. § 2241.

In light of Northrop's previous filings pursuant to § 2255 and his failure to demonstrate the ineffectiveness or inadequacy of that remedy, we conclude that Northrop's appeal lacks arguable legal merit. Accordingly, we will dismiss it under § 1915(e)(2)(B).

4