HLD-092 (January 2011)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4582
_____

AARON BEN NORTHROP,
                                              Appellant
v.

FRANCISCO J. QUINTANA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. D.C. Civil No. 1-09-cv-00155)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 31, 2011

Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: March 18, 2011)
_____

OPINION
_____

PER CURIAM.

        Aaron Ben Northrop appeals from an order of the United States District

Court for the Western District of Pennsylvania dismissing his petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we conclude that

1

Northrop's appeal presents no substantial question and will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1993, following a guilty plea entered in the United States District Court for the District of Connecticut, Northrop was convicted of conspiracy to possess with intent to distribute marijuana and cocaine, engaging in a continuing criminal enterprise, possessing and making a destructive device, and two counts of use of interstate communication facilities in the commission of murder for hire. In 1996, Northrop filed his first unsuccessful § 2255 motion in the District of Connecticut. His second § 2255 motion was dismissed by the same court in January 1998. In 2000, the court dismissed Northrop's third § 2255 motion for lack of jurisdiction because he failed to obtain permission from the court of appeals to file a second or successive § 2255 motion.

Since then, Northrop has twice moved in the United States Court of Appeals for the Second Circuit for authorization to file a successive § 2255 motion under 28 U.S.C. § 2244(b), and he filed an additional petition for writ of habeas corpus in the Central District of California. Recently, Northrop filed a petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. See Northrop v. Lindsay, 256 F. App'x 446, C.A. No. 07-3301 (3d Cir. 2007).

The instant petition was filed in the Western District of Pennsylvania in June 2009. There, Northrop raised four challenges to his 1993 conviction and sentence. Northrop claimed that his sentence was unconstitutional as his guilty plea precluded a trial by jury, that his guilty plea was unknowing and involuntary, that his counsel's

ineffective assistance was the cause of his involuntary guilty plea, and that he is actually innocent of the crimes for which he was convicted. The District Court dismissed Northrop's habeas petition for lack of jurisdiction, holding that Northrop's claims should have been raised in a § 2255 motion because they challenged the validity of his conviction and sentence. Northrop appeals from that order.

The District Court correctly dismissed Northrop's petition. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is presumed to be the appropriate means by which a federal prison can challenge a conviction or sentence, and the "inadequate or ineffective" exception is narrow. Okereke, 307 F.3d at 120 (noting an illustrative case "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."). In this case Northrop argues that the procedural bars he faces make § 2255 inadequate or ineffective and that he is actually innocent. Neither of these claims justifies holding § 2255 to be "inadequate or ineffective in this instance—to do so for the former claim would allow the exception to consume the rule, and Northrop offers no evidence in

3

support of the latter.

As noted above, Northrop has already filed numerous § 2255 motions, as well as several applications to the Second Circuit for permission to file additional § 2255 motions. The fact that Northrop cannot satisfy the procedural requirements of § 2244 or § 2255 does not render § 2255 an "inadequate or ineffective" remedy. See Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538. Therefore, the District Court properly dismissed Northrop's petition pursuant to 28 U.S.C. § 2241.[1]

In light of Northrop's previous filings pursuant to § 2255 and his failure to demonstrate the ineffectiveness or inadequacy of that remedy, we conclude that Northrop's appeal presents no substantial question. Accordingly, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

---

[1] The District Court would have lacked jurisdiction over Northrop's claims if his motion was filed pursuant to § 2255. Such a motion must be made filed before the court which imposed the sentence—in this case the District of Connecticut. Because of Northrop's prior habeas petitions, he must seek leave of the Second Circuit to bring a successive § 2255. 28 U.S.C. § 2255(a).

4