NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0253n.06

Filed: April 5, 2007

## No. 05-4227

## UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff-Appellee, | : | ON APPEAL from the |
| | : | United States District |
| v. | : | Court for the Northern |
| | : | District of Ohio |
| JOHN W. PEROTTI, | : | |
| | : | |
| Defendant-Appellant. | : | |

Before: COOK and McKEAGUE, Circuit Judges, and EDGAR, District Judge.[*]

EDGAR, Senior United States District Judge. John W. Perotti appeals his conviction by a jury on a one count indictment for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). In addition to his conviction, he appeals his sentence as an Armed Career Criminal under 18 U.S.C. § 924(e). We AFFIRM.

## I.

In the early morning hours of July 9, 2003, two Lakewood, Ohio police officers, Donald Mladek and Jeffrey Robinson, found a vehicle parked in a no stopping zone. They observed

_____

[*] The Hon. R. Allan Edgar, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

defendant Perotti inspecting damage to the vehicle, which had hit a tree. Perotti's speech was slurred, his eyes were bloodshot, and he was unsteady on his feet. He was bleeding from his face and mouth. Perotti was unable to respond to some of the officers' questions, and appeared to be under the influence of something. While Perotti denied needing medical attention, the officers nevertheless called for an ambulance.

Meanwhile, officer Mladek escorted Perotti to the steps of a nearby building where Perotti admitted that he was driving when the vehicle jumped the curb and hit a tree. When officer Mladek saw Perotti's name on his drivers license, he (Mladek) recognized Perotti from previous encounters, and remembered that Perotti was a felon on parole for robbery. While examining the vehicle, officer Robinson saw in plain view through the driver's side window a number of rifle cartridges on the front floor board, and noticed blood in various portions of the vehicle. Another law enforcement officer arrived and asked Perotti if he had been drinking, whereupon Perotti admitted to drinking "a few earlier in the evening." The third officer placed Perotti under arrest for DUI; and, the ambulance arrived to take Perotti to the hospital. At the hospital Perotti was taken on a gurney to a triage room through a secure corridor. Officer Robinson, following along, found a high powered rifle cartridge on the floor of the corridor. The cartridge matched those observed in Perotti's vehicle, which was towed and searched in accordance with standard police department procedure. During an inventory search of the vehicle, officers found, among other things, approximately thirty live rounds of ammunition. They also recovered a Russian SKS rifle with a "stove piped" round stuck in the chamber. The rifle had blood on it. Tests later revealed that the blood was Perotti's.

2

**II.**

Perotti went to trial on a one count superceding indictment charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). A jury found defendant guilty of possessing the ammunition as a felon, but not the firearm. The jury also found that Perotti had been convicted of three felonies on three different occasions after reaching age eighteen. At sentencing the district court sentenced Perotti under the Armed Career Criminal Act, 18 U.S.C. § 924(e), concluding, *inter alia*, that a conviction for "aggravated robbery" under Ohio Revised Code, section 2911.01 qualified as a "violent felony."

**III.**

Perotti asserts that the district court erred in denying his motion to suppress the ammunition seized from the vehicle.

When reviewing a district court's denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Richardson*, 385 F. 3d 625, 629 (6th Cir. 2004). The district court properly upheld this search as an inventory search. *South Dakota v. Opperman*, 428 U.S. 364, 370 (1976). See also *Colorado v. Bertine*, 479 U.S. 367, 372-73; *United States v. Vite-Espinoza*, 342 F. 3d 462, 470 (6th Cir. 2003). The district court also observed that the vehicle could have been searched as a search incident to Perroti's arrest for DUI upon probable cause. The government observes correctly in its brief that there was also probable cause to arrest Perotti as a felon in possession. In any event the search of Perotti's vehicle may also have properly taken place as a search incident to a lawful arrest. See *New York v. Belton*, 453 U.S. 454, 460 (1981). *See also Thornton v. United States*, 541 U.S. 615, 623-24

3

(2004) (if an arrestee has been a "recent occupant" of a vehicle, the officers may search the vehicle incident to his arrest). The district court did not err in denying the motion to suppress.

## IV.

Perotti also asserts that there was not sufficient evidence to convict him for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). Sufficient evidence exists to sustain a conviction if "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Mackey*, 265 F. 3d 457, 460 (6th Cir. 2001), *cert denied*, 534 U.S. 1097 (2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319(1979))(emphasis in original). Here the evidence was more than sufficient to support a finding that Perotti had constructive possession of the ammunition. It was stipulated at trial that Perotti had been previously convicted of a felony and ammunition was found not only on the front floor board of the vehicle which Perotti had been driving, but also in the secured hospital corridor down which he was wheeled on a gurney. Perotti's sufficiency of the evidence claim is meritless.

## V.

Perotti also claims that his guilty plea conviction for aggravated robbery under Ohio revised code section 2911.01 is not a crime of violence qualifying as a predicate conviction for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Unfortunately for Perotti, this circuit has now held to the contrary in the *United States v. Sanders*, 470 F. 3d 616 (6th Cir. 2006).[1]

---

[1] Perotti's sentence of 210 months incarceration is well in excess of the fifteen year mandatory fifteen year minimum required by 18 U.S.C. § 924(e).

## **VI.**

Finally, Perotti raises various claims of ineffective assistance of counsel.  Consideration of this claim will be deferred until such time as Perotti may raise such a claim in a post-conviction proceeding pursuant to 28 U.S.C. § 2255, in order to permit development of a record on that issue. *Untied States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005); *United States v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993).

We **AFFIRM** the district court's judgment.