**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0434n.06

Case No. 16-3556

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jul 24, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
| JOHN PEROTTI, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: SILER, CLAY, and McKEAGUE, Circuit Judges.

**SILER**, Circuit Judge. After *Johnson v. United States*, 135 S. Ct. 2551 (2015), was decided, John Perotti was permitted to file a successive habeas corpus petition and had his sentence corrected as one of his prior convictions no longer qualified as a predicate felony under the Armed Career Criminal Act (ACCA). At the government's request, Perotti was resentenced to time served and two years of supervised release. At the time of Perotti's release from federal custody, he had served more time than the newly-applicable statutory maximum for his underlying conviction. Perotti appeals his sentence since his actual time served exceeded the newly-applicable statutory maximum and the time served could impact his disposition should his supervised release be revoked. We dismiss Perotti's appeal as his claims are moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Perotti was found guilty by a jury of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Under 922(g), the maximum term of imprisonment is ten years. The jury also found Perotti had three prior felony convictions, qualifying him for enhanced sentencing under the ACCA, 18 U.S.C. § 924(e). This increased Perotti's statutory sentencing range to fifteen years to life imprisonment. The district court imposed a sentence of 210 months to be followed by three years of supervised release.

On direct appeal, Perotti challenged whether his 1982 conviction for Ohio aggravated robbery, in violation of then O.R.C. § 2911.01(A)(1), was properly counted as an ACCA predicate. We held that it did so under the ACCA's residual clause. *United States v. Perotti*, 226 F. App'x 516, 518–19 (6th Cir. 2007).

In 2015, the Supreme Court held that the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. On Perotti's motion, we authorized him to file a successive § 2255 petition in the district court. *In re John Perotti*, No. 15-3955 (6th Cir. Mar. 14, 2016) (order).

In adjudicating Perotti's § 2255 petition, the district court concluded that he no longer qualified for an enhanced sentence under the ACCA. This meant that his statutory maximum sentence reverted to the ten years applicable to his underlying conviction. The district court, at the government's request, imposed a sentence of time served and two years of supervised release and ordered Perotti released from federal custody. At the time of his release, Perotti had served nearly twelve years in federal custody. He was then taken into state custody where he remains.

## STANDARD OF REVIEW

Questions of mootness and ripeness are jurisdictional and are reviewed de novo. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (mootness); *Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003) (ripeness).

## DISCUSSION

For us to have jurisdiction, a live case or controversy must exist on appeal. Mootness is "the doctrine of standing set in a time frame." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). The existence of an Article III case or controversy at the district court is insufficient to confer appellate jurisdiction—the case must still be live during appellate proceedings. We do not issue advisory opinions. *George Fischer Foundry Sys., Inc. v. Adolph H. Hottinger Maschinenbau GmbH*, 55 F.3d 1206, 1210 (6th Cir. 1995). The government asserts that Perotti's challenge to his sentence was mooted when he was released from federal custody. If Perotti was challenging his conviction, then that would satisfy the case or controversy requirement as continuing adverse consequences are presumed. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). Perotti is not challenging his conviction but is instead challenging only the part of his sentence he has already completed, so this presumption does not apply and he must point to some other continuing adverse consequence. *Id.* at 8. In considering whether Perotti has pointed to such a harm, we note that an increased sentence in a potential future criminal proceeding is insufficient to confer appellate jurisdiction. *Lane v. Williams*, 455 U.S. 624, 632 (1982).

The first adverse consequence Perotti claims confers appellate jurisdiction is the potential that he will lose the opportunity to have his over-time served credited to him should his supervised release be revoked. This harm is too uncertain to be cognizable. It could only arise if

Perotti violates the terms of his federal supervised release, something we cannot assume will occur and do not wish to encourage. There would also need to be a revocation hearing, a finding of a violation, and the imposition of a sentence. Because none of those events has occurred, appellate jurisdiction does not exist on the basis of this alleged harm.

The second consequence that Perotti claims allows appellate review is that without resentencing he will be unable to have his time spent in custody properly considered by the district court should it consider shortening the two-year period of federal supervised release it imposed at resentencing. The Supreme Court has made clear that excessive time served in prison does not automatically reduce a defendant's period of supervised release. *See United States v. Johnson*, 529 U.S. 53, 60 (2000) ("The statute, by its own necessary operation, does not reduce the length of a supervised release term by reason of excess time served in prison."). But the Court also recognized that "equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term" and that under 18 U.S.C. § 3583(e) district courts have the power to modify the terms and length of supervision. *Ibid.* A court overseeing Perotti's supervised release could, using this power, terminate his supervised release after one year. 18 U.S.C. § 3583(e)(1). The decision to modify or terminate supervision is entrusted to the discretion of the district court and is based on a number of factors, including behavior during supervised release. There is no reason why, in such a future proceeding, Perotti's recorded sentence of "time served" would preclude the court from considering that he spent nearly twelve years in prison when an intervening change in the law altered his statutory maximum sentence to ten years. This asserted harm is also insufficient to confer appellate jurisdiction.

The third alleged adverse consequence that Perotti asserts confers appellate jurisdiction is that he will be unable to have his case accurately considered by the Ohio Adult Parole Authority (OAPA). The state parole violation for which Perotti is currently incarcerated derives from the same conduct underlying his federal conviction, and for Perotti this underscores the necessity of correcting his federal sentence. Because the OAPA must consider a myriad of factors (none of which is dispositive) in reaching its determinations, Ohio Admin. Code 5120:1-1-07, Perotti's situation is similar to the one presented to the Supreme Court by the petitioners in *Spencer* and *Lane*. Just as under Missouri law (*Spencer*) and Illinois law (*Lane*), the discretion available to the OAPA means that it is only a possibility and not a certainty that over-time served will be considered. *See Spencer*, 523 U.S. at 14; *Lane*, 455 U.S., at 632 n.13. This is true even though the same conduct formed the basis for both the underlying federal conviction and the violation of state parole. The discretion vested in the OAPA and uncertainty as to the grounds on which it will base its decision means this alleged harm is also insufficient to confer appellate jurisdiction.

For each of Perotti's claims, it is also uncertain that a favorable judicial decree would afford Perotti the relief he seeks. For both state parole proceedings and any future federal revocation proceedings, we cannot compel a particular outcome. Perotti's current imprisonment is the result of a violation of the terms of parole on a state charge that is not before us. Should he eventually face incarceration for violating the terms of his federal supervised release, discretion on whether to credit and how to calculate prior time served rests in the first instance with the Bureau of Prisons. *See Barber v. Thomas*, 560 U.S. 474, 480 (2010). Because we are unable to direct a particular outcome in those future proceedings, any opinion we issue would be merely advisory. Should the hypothetical federal proceedings contemplated by Perotti's appeal come to pass, he can then present the claims he seeks to raise in this proceeding. At this juncture, they

are unripe and so do not save Perotti's appeal from having been rendered moot when he was released from federal custody.

APPEAL DISMISSED.