# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3621
_____

United States of America

*Plaintiff - Appellee*

v.

Robert E. Watkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 8, 2017
Filed: May 18, 2017
[Unpublished]

_____

Before RILEY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Watkins appeals, challenging the district court's[1] imposition of supervised release at resentencing and additionally challenges how the district court articulated Watkins' "time served" prison sentence.

Watkins was serving time in federal prison for firearms charges when the Supreme Court, in Johnson v. United States, 135 S. Ct. 2551 (2015), held that a portion of the definition of "violent felony" in the Armed Career Criminal Act (ACCA) known as the "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii)–the portion of the ACCA used to calculate Watkins' original sentence–was unconstitutionally vague. Id. at 2563. Watkins filed a motion to vacate under 28 U.S.C. § 2255, which the district court granted and resentencing ensued. At the time of resentencing, Watkins had served more than ten years of a fifteen-year sentence and had moved to a halfway house. His time served at resentencing surpassed Watkins' statutory maximum (the entirety of his newly calculated sentence after the ACCA enhancement was removed from the calculation post-Johnson).

At resentencing, the district court sentenced Watkins to "time served" for the prison sentence. The primary question at the sentencing hearing was whether to impose a period of supervised release and, if so, what the proper period of supervised release would be. Watkins argued that because he had over-served on his prison sentence, no term of supervised release was required because the rehabilitative effect of his extra time in prison and the halfway house could not be understated. Watkins argued that the imposition of supervised release under these circumstances could only be punitive. The district court nonetheless imposed one year of supervised release.

At the hearing and again on appeal Watkins sought to "clarify" the record and requested that the district court, instead of designating the sentence as "time served,"

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

describe the sentence as "ten years, credit for time served" in order to assist the Bureau of Prisons (BOP) should it be in the position of computing a supervised release violation committed by Watkins in the future. Watkins points out that should he be found in violation of supervised release, he is entitled to credit for the prison time he "over-served" as part of the original sentence and that the sentence as stated could prohibit the BOP from making that allowance, or at least confuse the matter for the BOP. The district court refused to amend its statement. On appeal, for the first time, Watkins additionally claims the imposed sentence is illegal as interpreted by the BOP because it exceeds the maximum penalty allowed by law for this conviction; the newly calculated maximum penalty was ten years and Watkins had already served well past that in prison.

Watkins did not challenge the legality of his sentence before the district court and thus we review this claim for plain error.[2] United States v. Chavarria-Ortiz, 828 F.3d 668, 670-71 (8th Cir. 2016) (articulating the legal difference between waiver and forfeiture and clarifying that plain-error review often addresses the forfeiture of objections asserting familiar rights). There was no error. That the district court's chosen verbiage might result in a potential, future interpretation of Watkins' prior custody time by the BOP in a way that Watkins views as disadvantageous is of no legal consequence at sentencing. The BOP's potential, future calculation for the purpose of addressing a supervised release violation that might occur, while worthy of discussion, is simply not a binding consideration on the district court and Watkins makes no argument to the contrary. The imposition of a "time served" sentenced was not erroneous.

---

[2]In reviewing for plain error, we have the discretion to reverse the district court if the defendant shows "(1) an error, (2) that was 'plain,' (3) 'affects substantial rights,' and (4) 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Rush-Richardson, 574 F.3d 906, 910 (8th Cir. 2009) (quoting United States v. Olano, 507 U.S. 725, 735-36 (1993)).

Watkins additionally claims the imposition of one year of supervised release was substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We apply a presumption of reasonableness to sentences within the advisory Guidelines range. Chavarria-Ortiz, 828 F.3d at 672. "District courts have wide latitude to weigh the factors set forth in 18 U.S.C. § 3553(a) and may assign some factors greater weight than others." Id. Here, all involved at the sentencing hearing acknowledged that the district court was not legally obligated to impose a period of supervised release, but a term of not more than three years was authorized.

Watkins argues that the rehabilitation function of supervised release was accomplished in this unique case where Watkins over-served time in prison. At the time of resentencing, even, Watkins was in a halfway house and was working. However, because a term of supervised release can only begin as a matter of law on the day an inmate is "freed from confinement," Watkins' argument is inapposite to the extent that he claims his time in prison satisfied the purpose of supervised release. United States v. Mosby, 719 F.3d 925, 929 (8th Cir. 2013) (quoting United States v. Johnson, 529 U.S. 53, 57 (2000)). Watkins was "freed from confinement" on the date of his resentencing and so the consideration today is whether the district court abused its discretion in imposing one year on these facts.

The district court spent a great deal of time reviewing its options in the imposition of supervised release, analyzing the § 3553(a) factors as they pertained to this case and taking time to review and discuss Watkins' prior convictions and sentences. In the end, while Watkins served a long time in prison, the district court resolved that Watkins needed supervised release in order to transition into freedom given his criminal history. Id. ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." (quoting United

States v. Johnson, 529 U.S. at 59).  The district court did not abuse its discretion in this determination.

For the reasons stated herein, we affirm.

_____