NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0608n.06

No. 19-3120

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE NORTHERN DISTRICT OF</td></tr>
<tr><td>DELAMAR DEWAYNE WILLIAMS,</td><td>)</td><td>OHIO</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Dec 10, 2019
DEBORAH S. HUNT, Clerk

BEFORE: BATCHELDER, WHITE, and THAPAR, Circuit Judges.

PER CURIAM. Delamar Dewayne Williams challenges his guilty plea to drug and firearm offenses as well as his sentence for his felon-in-possession conviction. As set forth below, we **AFFIRM** Williams's convictions and **REMAND** for resentencing.

A federal grand jury returned an indictment charging Williams in Count 1 with possession with intent to distribute approximately 55.2 grams of a mixture or substance containing heroin and carfentanil, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); in Count 2 with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and in Count 3 with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The government filed a notice pursuant to 21 U.S.C. § 851, stating its intent to rely on Williams's prior felony drug convictions to seek an enhanced sentence for Count 1—a term of imprisonment not less than ten years and not more than life. Williams pleaded guilty to

the indictment without a plea agreement. During the plea hearing, the district court advised Williams of the enhanced statutory penalty range for Count 1.

After Williams's plea hearing but before his sentencing, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which amended 21 U.S.C. § 841(b) to require a prior conviction for a "serious drug felony" rather than a "felony drug offense" to trigger the enhanced statutory penalties. § 401(a)(2), 132 Stat. at 5220-21. The parties agreed that, pursuant to the First Step Act, the sentence enhancement no longer applied to Count 1. The final presentence report correctly set forth the statutory penalty range for Count 1 as five to forty years of imprisonment, but used the enhanced statutory maximum of life imprisonment to determine Williams's offense level under the career offender guideline, *see* USSG § 4B1.1(b), which, after a 3-level reduction for acceptance of responsibility, *see* USSG § 3E1.1, resulted in a total offense level of 34 and a guidelines range of 262 to 327 months of imprisonment.

At sentencing, the parties addressed the error in the presentence report and recalculated Williams's offense level under the career offender guideline using the forty-year statutory maximum for Count 1, resulting in a total offense level of 31 and a guidelines range of 188 to 235 months of imprisonment. After granting a 2-level downward variance, the district court sentenced Williams to 151 months on Counts 1 and 2, to run concurrently, and 60 months on Count 3, to run consecutively, for a total of 211 months of imprisonment.

This timely appeal followed. Williams argues on appeal (1) that his guilty plea was invalid because the district court misstated the statutory mandatory minimum and maximum penalties to which he was exposed, claiming that he would not have pleaded guilty had he been correctly advised because his sentencing exposure following the First Step Act was significantly reduced, and (2) that his 151-month sentence for Count 2 must be vacated because it exceeds the statutory maximum penalty.

A guilty plea is valid if it is voluntary, knowing, and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). In accordance with Federal Rule of Criminal Procedure 11, the district court must "verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005).

Williams argues that his guilty plea was invalid because the district court misstated the statutory mandatory minimum and maximum penalties for Count 1. Rule 11(b)(1) requires the district court to "inform the defendant of, and determine that the defendant understands, . . . any maximum possible penalty" and "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H)-(I). Because Williams did not move to withdraw his guilty plea or otherwise raise a Rule 11 objection before the district court, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To establish plain error, Williams "must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected [his] substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007) (quoting *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)).

During the plea hearing, the district court advised Williams of the correct statutory penalty range for Count 1 under the law at that time. The subsequent enactment of the First Step Act rendered the district court's advice incorrect, giving rise to a Rule 11 violation. *See United States v. Hogg*, 723 F.3d 730, 739 (6th Cir. 2013) ("Although the penalty range set forth in Defendant's plea agreement and identified by the district court at Defendant's plea hearing was correct under the then-current law of this Circuit, we agree that this penalty range must now be viewed as

mistaken in light of the Supreme Court's supervening decision in *Dorsey*, . . . with the result that Rule 11 was violated in the course of taking Defendant's guilty plea.").

Williams claims that he would not have pleaded guilty had he known that he was subject to a sentencing range of five to forty years versus ten years to life. But Williams was advised during the plea hearing that his status as a career offender would drive his sentencing range for Count 1. Given that Williams was informed that he faced a substantial sentence under the career offender guideline, his claim that he would not have pleaded guilty had he known about the reduced statutory penalty range is dubious.

Even assuming a violation of Williams's substantial rights, we decline to exercise our discretion to notice the Rule 11 error because the district court's then-correct statement of the statutory penalty range for Count 1 did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 469 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *see United States v. Carpenter*, 554 F. App'x 477, 485 (6th Cir. 2014). Despite the parties' agreement prior to sentencing that the sentence enhancement no longer applied to Count 1 and the final presentence report's correct statement of the statutory penalty range, Williams did not move to withdraw his guilty plea. The district court ultimately imposed a sentence for Count 1 that was within the correct statutory penalty range and below the guidelines range. In these circumstances, the technical violation of Rule 11 cannot be said to have affected the fairness of the proceedings.

Williams next contends, and the government concedes, that his 151-month sentence for Count 2, possession of a firearm by a felon, exceeds the ten-year statutory maximum for that offense. *See* 18 U.S.C. §§ 922(g), 924(a)(2). We must therefore vacate Williams's sentence as to Count 2 and remand for resentencing within the statutory maximum. *See United States v. Nichols*, 897 F.3d 729, 733 (6th Cir. 2018) (recognizing that sentences in excess of the statutory maximum

are illegal and "trigger per se, reversible, plain error" (quoting *United States v. Titties*, 852 F.3d 1257, 1275 (10th Cir. 2017))); *see also United States v. Honeycutt*, 816 F.3d 362, 378 (6th Cir. 2016) (remanding for resentencing within the statutory maximum even though the defendant's aggregate sentence remained the same), *rev'd on other grounds*, 137 S. Ct. 1626 (2017).

Accordingly, we **AFFIRM** Williams's convictions, **VACATE** his sentence as to Count 2, and **REMAND** for the limited purpose of resentencing as to that count.