**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4155**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SALITO MARQUES GOOD,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:04-cr-00330-NCT-1)

Submitted: February 14, 2022              Decided: February 25, 2022

Before GREGORY, Chief Judge, KING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Amos G. Tyndall, Thomas K. Maher, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salito Marques Good appeals the district court's judgment revoking his supervised release and imposing a sentence of 24 months' imprisonment. On appeal, he argues that the district court erred in imposing a revocation sentence that resulted in a total sentence outside the statutory maximum authorized for his underlying conviction and upon revocation of his term of supervised release. In response, the Government asserts that Good seeks to challenge his underlying sentence and that he cannot do so in a supervised release revocation proceeding. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). In effect, Good does not challenge any error in the revocation proceeding. Instead, his attack is premised on an alleged error made when he was resentenced for his underlying conviction; Good did not appeal the sentence imposed on resentencing. We have held that "[a] supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction." *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018). Contrary to Good's suggestion, the Sixth Circuit's decision in *United States v. Nichols*, 897 F.3d 729 (6th Cir. 2018), and the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), do not dictate a different result.

Therefore, we affirm the district court's judgment. We deny as moot Good's pending motion to expedite. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED